IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SETH GRULY,                                                                        OPINION and ORDER

                    Petitioner,                                           10-cv-262-slc[1]

     v.

CAROL HOLINKA, Warden,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), the Federal Bureau of Prisons is authorized to place prisoners in a residential re-entry center, or halfway house, for up to 12 months before the end of the prisoner's term of imprisonment. In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, petitioner Seth Gruly contends that the Bureau is violating § 3624(c) by refusing to transfer him to a halfway house until the last six months of his sentence. In an order dated June 8, 2010, I directed respondent to show cause why the petition should not be granted.

---

    [1] For the purposes of issuing this opinion and order, I am assuming jurisdiction over the case.

1

DISCUSSION

Under 18 U.S.C. § 3624(c)(1),

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The language of the statute makes it clear that prisoners are not guaranteed 12 months at a halfway house. Rather, the Bureau is required, when "practicable," to allow a prisoner to spend "a portion" of the last months of his term under conditions that will prepare him for reentry. Neither the amount of time nor the place for that preparation is spelled out by § 3624(c)(1).

This does not mean that the Bureau has absolute authority to deny a prisoner transfer to a halfway house. Under § 3624(c)(6), the Bureau must "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community." In addition, decisions about placement in a halfway house must be made "on an individual basis" and take into account the factors listed in 18 U.S.C. § 3621(b). 18 U.S.C. § 3624(c)(b)(A)-(C). These factors include "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court

2

that imposed the sentence . . .; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3624(b).

In response to the order to show cause, respondent submits a declaration from petitioner's case manager (who made the decision to give petitioner six months in a halfway house). Dkt. #6. The declaration shows individualized consideration of each of the five factors. Petitioner, however, contends that the case manager failed to consider several relevant facts in her review.

### A. The Bureau's Initial Evaluation

First, petitioner contends that the case manager did not give proper consideration to the death of petitioner's grandparents and failed to contact the halfway house office in Cleveland, Ohio to determine whether petitioner could be accommodated there. In addition, petitioner contends that the case manager gave too much weight to petitioner's convictions and performance in the prison's drug treatment program and failed to give adequate weight to petitioner's good disciplinary record and future employment prospects.

It is not the court's role to review the § 3621(b) factors independently and make a de novo determination as to petitioner's placement in a halfway house. The case manager's decision, adopted by the Bureau, is entitled to deference so long as it is not arbitrary, lacking any rational basis or otherwise contrary to the requirements of the statute. Singleton v.

3

Smith, 2010 WL 744392, *2 (C.D. Ill. Feb. 26, 2010) ("If the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet.") (citing Tristano v. Federal Bureau of Prisons, 2008 WL 3852699, at *1 (W.D. Wis. May 15, 2008)); see also Pence v. Holinka, 2009 WL 3241874, *3 (W.D. Wis. Sept. 29, 2009) (denying petition for writ of habeas corpus because Bureau's decision was not arbitrary and was entitled to deference). Although petitioner disagrees with the Bureau's decision, he has not shown that it was arbitrary or an abuse of discretion.

B. Bureau's Refusal to Consider New Recommendation by Sentencing Judge

Petitioner's remaining argument is that the case manager did not give proper consideration to the fourth factor in 18 U.S.C. § 3624(b), which instructs the Bureau to consider statements made by the sentencing judge when deciding whether a prisoner should spend additional time in a halfway house. Petitioner's case manager found that the sentencing judge ordered petitioner to complete 500 hours in the Bureau's substance abuse treatment program and recommended that he participate in available education and employment training programs. When petitioner's case manager considered petitioner for additional halfway house placement in August 2009 and January 2010, she concluded that

4

the fourth factor weighed against such placement because continued incarceration would enable petitioner to take full advantage of the drug and employment training programs available at the facility. However, on April 9, 2010, the sentencing judge amended the judgment and sentence, recommending that petitioner be considered for the full 12 months in a halfway house, dkt. #1-2. Petitioner contends that the case manager should be required to reevaluate her decision in light of the sentencing judge's recommendation.

As an initial matter, respondent contends that petitioner has not exhausted his administrative remedies with respect to his claim that the Bureau should consider the sentencing judge's new recommendation because petitioner did not file any internal grievances regarding the judge's April 2010 recommendation. Although § 2241 does not include an exhaustion rule, the Court of Appeals for the Seventh Circuit applies one under common law. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986). Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving, Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Although a prisoner "must take all steps prescribed by the prison's grievance system" in order to exhaust his administrative remedies, Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004), he need exhaust only the remedies "available" to him. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Prison officials may render exhaustion unavailable by refusing to provide proper grievance forms, Id., 458 F.3d at 686; Dale v.

5

Lappin, 376 F.3d 652, 656 (7th Cir. 2004); by failing to show that grievance procedures were available to a prisoner who is incapacitated and in isolation, Pavey v. Conley, 170 Fed. Appx. 4, 5 (7th Cir. 2006) (unpublished); by failing to "respond to a properly filed grievance or [by] otherwise us[ing] affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); see also Wilder v. Sutton, 310 Fed. Appx. 10, 14 (7th Cir. 2009) (unpublished) (not responding to prisoner's grievance made process unavailable). Finally, "if a prisoner is told to wait to file a grievance, and that wait makes the claim untimely, then that too will have made the process unavailable." Wilder, 310 Fed. Appx. at 13 (citing Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002); see also Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005) (stating that information provided to prisoner concerning operation of grievance procedures was relevant in deciding whether available remedies had been exhausted).

Petitioner received the amended judgment from the sentencing judge on April 9, 2010 while his administrative appeal regarding the Bureau's decision on his halfway house placement was pending. Petitioner avers that after he received the amended judgment from the sentencing judge, he provided a copy of the judgment to his case manager. The case manager refused to consider the information or change her recommendation regarding petitioner's placement in a halfway house. Petitioner then approached his unit manager, who told petitioner that the prison would take no action with respect to the sentencing

6

judge's recommendation. Next, petitioner consulted with his unit counselor about filing a grievance. His counselor told petitioner that he did not need to file a grievance containing the new information, but should instead supplement his pending administrative appeal with a copy of the sentencing judge's recommendation. Petitioner sent the information to the Bureau's central office in Washington D.C. The central office rejected his appeal on May 7, 2010. From petitioner's averments, it appears that petitioner was justified in believing that it was unnecessary to file a new grievance concerning the sentencing judge's recommendation because his counselor told him that it was sufficient to supplement his pending appeal. Thus, it appears that petitioner has exhausted all of the administrative remedies that were "available" to him.

However, I agree with respondent that regardless whether petitioner has exhausted his remedies, his claim fails on the merits. The Bureau was not required to consider the sentencing judge's new recommendation that petitioner be considered for 12 months of halfway house placement. Section 3624(c) does not require the Bureau to conduct a new evaluation each time information arises that affects one of the five factors in § 3621(b). For example, an inmate's disciplinary record, family situation, participation in drug and rehabilitation programs and, as in this case, recommendations by the sentencing judge may change after the Bureau evaluates whether the inmate should receive additional time in a halfway house. Neither the statute nor Bureau regulations require the Bureau to reevaluate

7

an inmate's eligibility for additional halfway house time whenever such a change occurs. Because the Bureau has provided evidence that it considered the facts that were available at the time the case manager evaluated petitioner's situation, the Bureau has complied with 18 U.S.C. § 3624(c). Accordingly, petitioner is not being held in custody in violation of the Constitution or laws of the United States and his petitioner for a writ of habeas corpus will be denied.

ORDER

IT IS ORDERED that Seth Gruly's petition for a writ of habeas corpus is DENIED for his failure to show that he is in custody in violation of the Constitution or the laws of the United States and this case is DISMISSED.

Entered this 20th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge